**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| STATE OF NEW MEXICO ex rel. | § | |
| RAÚL TORREZ, ATTORNEY GENERAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 26-CV-02119 DHU/DLM |
| | § | |
| BOARD OF COUNTY COMMISSIONERS | § | |
| FOR CURRY COUNTY and SHERIFF | § | |
| MICHAEL BROCKETT, in his official | § | |
| capacity as Sheriff for Curry County, | § | |
| | § | |
| Defendants. | § | |
| | § | |

---

**DEFENDANTS' ANSWER TO COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF**

---

Defendants Board of County Commissioners for Curry County ("Board") and Sheriff Michael Brockett, in his official capacity as Sheriff for Curry County ("Sheriff Brockett" and, collectively, "Defendants"), by and through undersigned counsel, submit this Answer to Plaintiff's Complaint for Declaratory and Injunctive Relief. Defendants have removed this action to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1442, and deny that Plaintiff is entitled to any relief.

**GENERAL DENIALS AND RESERVATION**

Except as expressly admitted herein, Defendants deny each and every allegation in the Complaint and deny that Plaintiff is entitled to declaratory, injunctive, or any other relief. To the extent the Complaint contains characterizations of law, quotations, or paraphrases of documents or authorities, those documents and authorities speak for themselves, and any inconsistent allegations are denied.

1

**INTRODUCTION**

Defendants deny the argumentative allegations and legal conclusions in the prefatory "Introduction" section of the complaint. Defendants further deny any implication that Defendants have willfully ignored any valid legal mandate and deny that the relief sought is warranted.

**PARTIES, JURISDICTION, AND VENUE**

1. Defendants admit that Curry County is a political subdivision of the State of New Mexico. The balance of the paragraph characterizes the Immigrant Safety Act and statutory definitions, which speak for themselves, and any inconsistent allegations are denied.

2. Defendants admit that the Board is sued as the governing authority for Curry County and admit that the cited statute speaks for itself. The remaining allegations characterizing statutory definitions are conclusions of law to which no response is required; to the extent a response is required, they are denied.

3. Defendants admit that the Board is the governing body for Curry County and that Section 4-38-1 speaks for itself. Any remaining allegations are denied as stated.

4. Defendants admit that the Board represents the County and that Section 4-38-18 speaks for itself. Any remaining allegations are denied as stated.

5. Defendants admit that Sheriff Michael Brockett is the elected Sheriff for Curry County and that he is sued in his official capacity.

6. Defendants deny the legal conclusion that Sheriff Brockett "falls under the ISA's definition of a 'public body'" and state that the statute speaks for itself.

7. Defendants admit that Sheriff Brockett signed a Memorandum of Agreement ("MOA") with U.S. Immigration and Customs Enforcement in May 2025 and that the document speaks for itself.

8. Defendants deny the allegation that Sheriff Brockett acted "on behalf of" the Board as a legal conclusion and state that the MOA speaks for itself.

9. Defendants deny the allegations in Paragraph 9 and further deny any implication of ratification; the cited statute speaks for itself.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's asserted statutory authority and therefore deny the same.

11. Defendants deny Plaintiff's characterization of the Attorney General's "broad civil enforcement authority" and therefore deny the same; the cited statute speaks for itself.

12. Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's asserted enforcement authority under the Immigrant Safety Act and therefore deny the same; the cited statute speaks for itself.

13. Defendants deny the legal conclusions regarding the Court's remedial authority; the statute speaks for itself.

14. Defendants admit that venue was alleged as in state court and that the case was filed in Curry County; following removal, venue is proper in this Court.

**ALLEGATIONS COMMON TO ALL CLAIMS**

15. Defendants admit that 8 U.S.C. § 1357(g) exists and that the statute speaks for itself; to the extent Paragraph 15 paraphrases or characterizes federal law, Defendants deny any inconsistent allegations.

16. Defendants deny the paragraph's legal characterizations, which cite materials speaking for themselves.

17. Defendants admit that 8 U.S.C. § 1357(g)(9) provides that participation is voluntary; any inconsistent characterization is denied.

18. Defendants deny the paragraph's legal characterizations; the cited authorities speak for themselves.

19. Defendants admit that DHS/ICE administers a warrant service officer model; any inconsistent characterization is denied.

20. Defendants admit that ICE training and certification are components of the 287(g) framework; to the extent Paragraph 20 characterizes federal law, the authority speaks for itself and any inconsistent allegations are denied.

21. Defendants admit that participating personnel perform functions subject to DHS direction and supervision as provided in applicable law and the MOA; any inconsistent characterization is denied.

22. Defendants admit that 8 U.S.C. § 1357(g)(7)–(8) addresses status and immunity considerations, and that the statute speaks for itself; any inconsistent allegations are denied.

23. Defendants admit that the Governor signed HB 9 on or about February 5, 2026, and that the Act took effect May 20, 2026, as stated in Plaintiff's exhibits; to the extent of legal characterizations, the Act speaks for itself, and any inconsistent allegations are denied.

24. Defendants deny the paragraph's legal characterizations; the statute speaks for itself.

25. Defendants deny the paragraph's legal characterizations; the statute speaks for itself.

26. Defendants deny the paragraph's legal characterizations; the statute speaks for itself.

27. Defendants deny the paragraph's legal characterizations; the statute speaks for itself.

28. Defendants deny the paragraph's legal characterizations; the statute speaks for itself.

29. Defendants deny the paragraph's legal characterizations; the statute speaks for itself.

30. Defendants deny the paragraph's legal characterizations; the statute speaks for itself.

31. Defendants deny the paragraph's legal characterizations; the statute speaks for itself.

32. Defendants admit that the MOA attached to Plaintiff's Complaint bears the signatures stated and that it is dated May 2025; the document speaks for itself.

33. Defendants deny the allegation of "authorization" as a legal conclusion and state that the MOA speaks for itself.

34. Defendants admit that the MOA contains a termination/suspension clause providing for 90 days' notice except in exigent circumstances, and the document speaks for itself.

35. Defendants admit that Appendix A describes facilitating custodial transfer to ICE at or near release from criminal custody; the document speaks for itself.

36. Defendants admit that the MOA provides for nomination, training, and certification; the document speaks for itself.

37. Defendants admit that ICE certification and credentials are contemplated by the MOA; the document speaks for itself.

38. Defendants admit that Appendix A identifies authority to serve and execute certain administrative immigration documents within jail facilities at time of release; the document speaks for itself.

39. Defendants deny the legal characterization regarding "detain individuals for federal immigration violations" and deny any implication of unlawful detention; the MOA speaks for itself.

40. Defendants deny any inconsistent characterization and state that Appendix A controls and speaks for itself.

41. Defendants admit Appendix A contains a 48-hour time frame as specified; the document speaks for itself.

42. Defendants admit that the MOA requires prompt ICE notification of served documents and

5

reporting of asserted or suspected U.S. citizenship; the document speaks for itself.

43. Defendants admit that, when performing MOA functions, DHS/ICE policies and procedures are applicable as provided; the document speaks for itself.

44. Defendants admit the MOA's provisions regarding release of information coordination and that the document speaks for itself.

45. Defendants admit the MOA's provisions regarding control of information obtained or developed as a result of the MOA and required coordination; the document speaks for itself.

46. Defendants admit the MOA provides cooperation with federal investigations and compliance reviews; the document speaks for itself.

47. Defendants admit the MOA addresses allocation of costs and that the Sheriff's Office is responsible for personnel expenses while ICE provides instructors and materials; the document speaks for itself.

48. Defendants admit the MOA outlines DOJ representation procedures and discretion; the document speaks for itself.

49. Defendants deny the legal conclusions and cited authority characterizations.

50. Defendants deny the legal conclusions and cited authority characterizations.

51. Defendants deny the legal conclusions and deny that the ISA validly prohibits or requires the actions alleged as applied to the MOA; the statute speaks for itself.

52. Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's factual assertion that ICE "has not trained or certified" any Curry County personnel to date and therefore deny the same; the cited article speaks for itself.

53. Defendants deny the legal conclusions in Paragraph 53.

54. Defendants deny the legal conclusions; the cited case speaks for itself.

55. Defendants deny the legal conclusions.

56. Defendants deny the legal conclusions; the cited statute speaks for itself.

57. Defendants deny the legal conclusions; the statute speaks for itself.

58. Defendants deny the legal conclusions; the cited case speaks for itself.

59. Defendants deny the legal conclusions; the cited case speaks for itself.

60. Defendants deny the legal conclusions.

61. Defendants deny the legal conclusions; the cited authorities speak for themselves.

62. Defendants deny the legal conclusions; the cited authorities speak for themselves.

63. Defendants deny the legal conclusions.

64. Defendants deny the legal conclusions; the cited authorities speak for themselves.

65. Defendants deny the legal conclusions; the cited authorities speak for themselves.

66. Defendants deny the legal conclusions.

67. Defendants deny the legal conclusions; the cited regulation speaks for itself.

68. Defendants deny the legal conclusions; the cited DHS publication speaks for itself.

69. Defendants deny the legal conclusions; the cited regulation speaks for itself.

70. Defendants deny the legal conclusions; the cited authorities speak for themselves.

**FIRST CAUSE OF ACTION (DECLARATORY RELIEF - ISA)**

71. Defendants incorporate their responses above.

72. Defendants deny the legal conclusions; the statute speaks for itself.

73. Defendants deny the legal conclusions; the statute speaks for itself.

74. Defendants admit the MOA contains a termination provision as alleged; the document speaks for itself.

75. Defendants deny the legal characterizations and state that the MOA speaks for itself. To

the extent this paragraph quotes Appendix A, Defendants refer to the document.

76. Defendants deny that the MOA "creates the risk" alleged as a legal conclusion; the document speaks for itself.

77. Defendants deny the allegations regarding Board authorization as a legal conclusion.

78. Defendants deny the allegations of ratification and deny the legal conclusions.

79. Defendants deny the legal conclusions concerning the ISA's effect and any purported immediate termination duty; to the extent referencing the MOA, it speaks for itself.

80. Defendants deny that Plaintiff is entitled to the requested declaration or any relief.

## SECOND CAUSE OF ACTION (DECLARATORY RELIEF - ULTRA VIRES)

81. Defendants incorporate their responses above.

82. Defendants deny that the MOA authorizes unlawful detentions or arrests and deny the legal conclusions.

83. Defendants deny the legal conclusions.

84. Defendants lack knowledge or information sufficient to form a belief as to the training/certification status alleged and therefore deny; the exhibits speak for themselves.

85. Defendants lack knowledge or information sufficient to form a belief as to the certification status alleged and therefore deny; the exhibits speak for themselves.

86. Defendants deny the legal conclusions.

87. Defendants deny that Plaintiff is entitled to the requested declaration or any relief.

## DENIAL OF PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief requested in subparagraphs A-D or otherwise.

## AFFIRMATIVE AND OTHER DEFENSES

8

1. **Failure to State a Claim**. The Complaint fails to state a claim upon which relief can be granted.

2. **Lack of Standing/Justiciability**. Plaintiff lacks Article III standing and/or the claims are nonjusticiable, unripe, or moot, including insofar as they seek to regulate or terminate a federal cooperative instrument to which the United States is a party.

3. **Federal Preemption**. Plaintiff's claims are barred, in whole or in part, by federal preemption, including obstacle and field preemption, as applied to federal immigration authority and 8 U.S.C. § 1357(g). *Arizona v. United States, 567 U.S. 387, 406–07 (2012); Hines v. Davidowitz, 312 U.S. 52, 67 (1941); Crosby v. Nat'l Foreign Trade Council, 530 U.S. 363, 372–73 (2000).*

4. **Supremacy Clause and Intergovernmental Immunity**. The requested relief violates the Supremacy Clause and principles of intergovernmental immunity by impermissibly interfering with federal operations, instruments, and those acting under color of federal authority. U.S. Const. art. VI, cl. 2; Arizona v. United States, 567 U.S. 387, 399 (2012).

5. **Federal Officer/Color of Federal Authority**. Defendants acted or are alleged to act under color of federal authority pursuant to 8 U.S.C. § 1357(g) and the MOA; the claims are barred to the extent they seek to restrain or penalize such acts.

6. **Failure to Join Necessary and Indispensable Parties**. The United States and/or ICE are necessary and indispensable parties under Rule 19 for adjudication of claims seeking to affect the validity, operation, or termination of the MOA.

7. **Governmental Immunity/Limits on Relief**. To the extent applicable, governmental immunities, statutory limitations on equitable relief, and separation-of-powers principles bar the relief sought.

9

8. **Equitable Defenses**. Plaintiff's claims are barred, in whole or in part, by waiver, estoppel, laches, unclean hands, and/or failure to mitigate, including insofar as Plaintiff seeks extraordinary relief while related federal litigation is pending.

9. **Overbreadth/Vagueness**. As applied to the MOA and acts under color of federal authority, the statutory provisions invoked are unconstitutionally overbroad and/or vague.

10. **Constitutional Reservations**. Defendants reserve all constitutional defenses under the United States Constitution, including but not limited to the Tenth Amendment, and as preserved by federal removal statutes.

11. **No Ongoing or Threatened Unlawful Conduct**. Plaintiff cannot establish irreparable harm or entitlement to equitable relief; any allegations of imminent enforcement under the MOA are speculative and denied.

12. **Reservation of Additional Defenses**. Defendants reserve the right to assert additional defenses, counterclaims, or third-party claims as may become apparent through discovery or further proceedings.

**PRAYER FOR RELIEF**

For the foregoing reasons, Defendants Sheriff Michael Brockett, in his official capacity as Sheriff for Curry County, and the Board of County Commissioners for Curry County respectfully request the Court:

a) Dismiss the Complaint with prejudice;

b) Deny all requested declaratory and injunctive relief;

c) Award Defendants their costs as permitted by law; and

d) Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Defendants demand a trial by jury on all issues so triable. If the Court determines no issues are triable to a jury in this equitable action, Defendants request a bench trial.

Respectfully submitted,

**PAYNE, POWELL, TRUITT & CHANDLER**

Matthew Chandler
305 Pile Street
Clovis, New Mexico 88101
Telephone: (575) 763-4457
Email: matt@mattchandlerlaw.com
*Attorneys for Defendant Sheriff Michael Brockett, in his official capacity as Sheriff for Curry County*

*-and-*

*/s/Jason Bowles*
Jason Bowles
Bowle Law Firm
4811 Hardware Drive NE, Suite D-5
Albuquerque, New Mexico 87109
Telephone: (505) 217-2680
Email: jason@bowles-lawfirm.com
*Attorney for Defendant Board of County Commissioners for Curry County*

I hereby certify that a true and correct copy of the foregoing was electronically submitted this 9th day of July, 2026 to:

Ben Osborn
Jessica Serrano
Anjana Samant
New Mexico Department of Justice

*/s/ Jason Bowles*
Jason Bowles
Bowles Law Firm

11