**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

STATE OF NEW MEXICO ex rel.
RAUL TORREZ, Attorney General,

      Plaintiff,

v.                                 No. 1:26-cv-2119 DHU/DLM

BOARD OF COUNTY COMMISSIONERS
FOR CURRY COUNTY and MICHAEL
BROCKETT, *Sheriff, in his official capacity
as Sheriff for Curry County*,

      Defendants.

## <u>INITIAL SCHEDULING ORDER</u>

This cause is before the Court for scheduling, case management, discovery, and other non-dispositive motions. Counsel and pro se parties are expected to be familiar with both the Federal Rules of Civil Procedure, as amended, and the Local Rules of the Court,[1] which apply to this lawsuit. Counsel and pro se parties must also take time to familiarize themselves with the undersigned's Procedures for Civil Discovery and Settlement Matters, available on our Chambers website.[2]

The parties, appearing through counsel or pro se, shall meet and confer no later than **August 3, 2026**, to formulate a provisional discovery plan. Fed. R. Civ. P. 26(f). **As part of this**

---

[1] The parties may access both the District of New Mexico's Local Rules and the Federal Rules of Civil Procedure at https://www.nmd.uscourts.gov/court-info/local-rules-and-orders.

[2] Judge Martínez's Chambers website is available at https://www.nmd.uscourts.gov/content/honorable-damian-l-martinez. The Procedures for Discovery and Settlement Matters is a PDF document accessible on the Chambers website. Part of that PDF document is attached to this Order for convenience. The Court expects counsel and pro se parties to read and follow the instructions therein when preparing for the Rule 26(f) conference.

Counsel must also review and comply with all applicable guidelines for the presiding and referral judges assigned to this lawsuit, which are available at https://www.nmd.uscourts.gov/judges. Each judge may have chambers-specific rules and submission procedures that counsel are expected to follow.

**process, the parties are reminded that Federal Rule of Civil Procedure 26(f) requires them to exchange views on the "disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced." The parties have an attendant duty to preserve all electronically stored information that may be discoverable in this case.**

The time allowed for discovery is generally 120 to 180 days. The parties will cooperate in preparing a Joint Status Report and Provisional Discovery Plan (JSR) that follows the sample available on the Court's website. The blanks for suggested/proposed dates in the JSR are to be filled in by the parties. Actual dates will be promulgated by order of the Court to be entered after the Rule 16 scheduling conference scheduled pursuant to this order. Plaintiff, or Defendant in cases which have been removed from state district court, is responsible for filing the JSR no later than **August 17, 2026**.

**Initial disclosures by a party pursuant to Federal Rule of Civil Procedure 26(a)(1) shall be made within 14 days after the meet-and-confer session.**

A telephonic Rule 16 scheduling conference will be conducted on **September 3, 2026, at 10:00 a.m. MDT.** Counsel and pro se parties shall call **(855) 244-8681** and enter access code **2317 194 3997** to be connected to the telephonic Rule 16 scheduling conference. At the Rule 16 scheduling conference, counsel and pro se parties should be prepared to discuss discovery needs and scheduling, all claims and defenses, the use of scientific evidence, whether a *Daubert*[3] hearing is necessary, initial disclosures, and the timing of expert disclosures and reports under Federal Rule of Civil Procedure 26(a)(2). The Court, counsel, and pro se parties will also discuss settlement prospects and alternative dispute resolution possibilities. In addition, the scheduling conference

---

[3] *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993).

2

participants will address consideration of consent by the parties to a United States Magistrate Judge presiding over dispositive proceedings, including motions and trial, pursuant to 28 U.S.C. § 636(c). Parties represented by counsel may, but are not required to, attend the telephonic scheduling conference.

If service on all parties is not complete, Plaintiff(s) appearing through counsel or pro se is/are responsible for notifying all parties of the content of this order.

Good cause must be shown, and the express written approval obtained from the Court, for any modifications of the dates in the scheduling order that issues from the JSR.

Pretrial practice in this case shall be in accordance with the above.

**IT IS SO ORDERED**.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE